UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA MARIA PENA GARCIA,

Petitioner/Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, in her official capacity as head of that department, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, TODD LYONS, in his official capacity as head of that agency, and ROBERT LYNCH, in his official capacity as director of the Detroit Field Office,

Respondents/Defendants.

Case no.: 25-cv-12023

Hon.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR MANDAMUS AND HABEAS CORPUS**

Petitioner/Plaintiff, Rosa Maria PENA GARCIA (hereinafter referred to simply as "Plaintiff"), by and through attorneys at AYAD LAW, PLLC, respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is not asking for this Court to allow her to remain in the United States, but is asking for the Court to stop Defendants from unlawfully labelling her

departure as a "removal" as opposed to a "voluntary departure," the extreme legal consequences of which are described below.

2. Defendants are currently violating Plaintiff's constitutional rights by "removing" Plaintiff, in violation of the Board of Immigration Appeals ("BIA") order of voluntary departure which allows Plaintiff until September to voluntarily depart.

3. Plaintiff anticipates that Defendants may argue that this Court lacks jurisdiction. This Court does have jurisdiction to hear this legal/constitutional question pursuant to its general federal question jurisdiction, the *Habeas Corpus* statute, the Mandamus Act, and the Administrative Procedures Act ("APA").

> The Supreme Court has [] recently recognized the continued viability of the writ in cases involving the detention of noncitizens. *Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *Demore v. Kim*, 538 U.S. 510, 517, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).
>
> *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020).
>
> Plaintiffs allege federal question jurisdiction under 28 U.S.C. § 1331. [] Although the Mandamus Act and APA cannot themselves confer subject matter jurisdiction, the Court has jurisdiction over Plaintiffs' claims through § 1331.
>
> *Omar v. Blinken*, 756 F. Supp. 3d 520, 529 (S.D. Ohio 2024).

4. By contrast, the Board of Immigration Appeals ("BIA") will not hear Plaintiff's claims as the 90-day limit is strictly enforced.

2 | P a g e

> The time limits for filing… a motion to reopen [is] "crystal clear…" A motion to… reopen must be filed "within 90 days of the date of entry of a final administrative order of removal," 8 U.S.C. § 1229a(c)(7)(C)(i).
>
> ***
>
> This time limitation is enforced strictly…

*Gor v. Holder*, 607 F.3d 180, 184-5 (6th Cir. 2010).

5. Further, the Sixth Circuit does not have jurisdiction to hear Plaintiff's claims as Plaintiff does not challenge the validity of a final immigration order.

> …8 U.S.C. § 1252(b)(1), states that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." That statutory time limit is "both mandatory and jurisdictional."

*Prekaj v. I.N.S.*, 384 F.3d 265, 267 (6th Cir. 2004).

6. Plaintiff assumes that this controversy arose because an employee of Defendants mistakenly overlooked Plaintiff's stays extending her order of voluntary departure—a likelihood considering the pace which immigration agencies are currently working at—and her requested relief would only require Defendants to simply properly record her imminent self-departure as a "voluntary departure" instead of a "removal."

## INTRODUCTION

7. This is an action for declaratory, injunctive, *mandamus*, and/or *habeas corpus* relief under 28 USC § 1331, § 1361, § 2201, and § 2241, challenging Respondents' unlawful and arbitrary mis-enforcement of a voluntary departure order issued by the Board of Immigration Appeals ("BIA").

3 | Page

8. The BIA's order explicitly allowed Plaintiff to voluntarily depart within 60 days of the order plus any extension granted by the Department of Homeland Security ("DHS").

9. DHS subsequently granted Plaintiff yearly extensions through September of 2025 to voluntarily depart the United States.

10. Plaintiff has shown Defendants that she has a flight booked for July 16, 2025 to voluntarily depart the United States to her native Mexico.

11. Despite this, Defendants are recording her departure as a "removal," in violation of the BIA's final order and in excess of Defendants' lawful authority.

## JURISDICTION AND VENUE

12. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1361, and 2241.

13. Venue lies in this Court under 28 U.S.C. § 1391(e), as Plaintiff resides within this judicial district and Respondents' actions are occurring herein.

## PARTIES

14. Plaintiff is a noncitizen lawfully residing in the United States under a pending application and subject to a voluntary departure order.

15. Defendants the Department of Homeland Security ("DHS") is the department of government responsible for overseeing Immigration and Customs Enforcement.

4 | Page

16. Immigration and Customs Enforcement ("ICE") is the agency currently taking action against Plaintiff.

17. Kristi Noem is an individual and the head of DHS. She is sued in her official capacity only.

18. Todd Lyons is an individual and head of ICE. He is sued in his official capacity only.

19. Robert Lynch is an individual and the head of ICE's Detroit Field Office. He is sued in his official capacity only.

## FACTUAL BACKGROUND

20. Plaintiff is an alien and native of Mexico who entered the United States without inspection some 23 years ago, and has lived in the United States since that time.

21. She currently resides in Michigan with her family, including her husband who is very ill from cancer, and her son who will turn 21 in October of this year. **Exhibit A, Excerpt of Redacted Medical Records**.

22. Once Plaintiff's son turns 21 in October of this year, he will be able to apply for his mother to obtain a green card and come to the United States lawfully.

23. On March 27, 2023, the BIA issued a decision granting Plaintiff voluntary departure "within 60 days from the date of this order ***or any extension beyond that time as may be granted by DHS***." **Exhibit B, March 27, 2023 BIA Order of Voluntary Departure**.

24. In consideration of the fact that Plaintiff must take care of her severely ill husband, and that her 20-year-old son is in full-time school, the Department of Homeland Security ("DHS") granted Plaintiff extensions through September of 2025, *<u>a date which has not yet passed</u>*.

25. On August 21, 2023, the DHS sent Plaintiff a notice informing her that: "The stay of removal has been granted for one year." **Exhibit C, August 21, 2023 ICE Grant of Stay of Removal**.

26. On August 22, 2024, the DHS granted Plaintiff an extension in an Order of Supervision which stated that Plaintiff report to DHS's Immigration and Customs Enforcement Detroit field office on September 12, 2025 **Exhibit D, July 26, 2023 Order of Supervision**.

27. During this time, DHS was also approving Plaintiff for work authorizations, the last of which is valid through November 5, 2025. **Exhibit E, Work Authorizations**.

28. Accordingly, Defendants had granted Plaintiff extensions until, at least, September 12, 2025.

29. Plaintiff has not violated the terms of the BIA's order, nor her immigration bond, and is within the valid voluntary departure period.

30. Plaintiff has no criminal history.

31. Yet, on or about May 13 and 14, 2025, Defendant notified Plaintiff that it was cancelling her immigration bond and that it considered her to have breached

6 | P a g e

it because she had allegedly overstayed the voluntary departure period. **Exhibit F, May 13, 2025 Notice of Cancellation of Bond** and **Exhibit G, May 14, 2025 Notice of Breach of Bond**.

32. On May 20, 2025, Defendant DHS ordered Plaintiff to report to its ICE Detroit field office with proof of her travel plans to depart the United States, which she did. **Exhibit H, May 20, 2025 Order of Supervision** and **Exhibit I, Confirmation of July 16, 2025 Delta Flight to Mexico**.

33. Accordingly, Plaintiff is now suffering the worst of all worlds, having her BIA order violated well after the time with which she can file to reopen her case before the BIA; having to provide for her own departure yet gaining a record reflecting that she was 'removed;' and forfeiting her bond and being fined for a total of $8,500.

## WHY THE DISTINCTION BETWEEN VOLUNTARY DEPARTURE AND REMOVAL MATTERS

34. The distinction between Plaintiff having a voluntary departure on her record and having a removal on her record is dire.

> It is important to note here that an alien's failure to depart within a specified voluntary departure period has harsh legal consequences: it automatically subjects that alien to a ten-year ban on seeking reentry into the United States, as well as a civil penalty in the amount of $1,000 to $5,000, and that the ten year ban also extends to applications for cancellation of removal.
>
> *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 424 (6th Cir. 2007) (internal citations/edits omitted, citing 8 U.S.C. § 1229c(d)).

35. Those who are removed are subject to a 10-year ban on any form of reentry, whereas those who voluntarily depart, may immediately apply for reentry.

> [I]f an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien-- … shall be ineligible, for a period of 10 years, to receive any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title.
>
> 8 USC § 1229c.
>
> Any alien… who… has been ordered removed under section 1229a of this title or any other provision of law… and who seeks admission within 10 years of the date of such alien's departure or removal… is inadmissible.
>
> 8 USC § 1182.

36. Because Plaintiff's order of voluntary departure is technically valid until September of this year, she cannot lawfully be removed and should, instead, be allowed to 'voluntarily depart.

37. If Plaintiff's flight to Mexico goes on her record as a 'voluntary departure,' as it should, Plaintiff's son—as a United States citizen who turns 21 in October, 2025—will be able to petition for her to receive a green card and enter and live in the United States lawfully.

> [A]n alien may obtain an immigrant visa by virtue of his immediate familial relationship with a United States citizen. See 8 U.S.C. § 1151(b)(2)(A)(i) (defining 'immediate relatives' to include … parents of United States citizens).
>
> *Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348, 1353 (11th Cir. 2017).

38. As the Supreme Court of the United States has recently reminded lower courts in the context of voluntary departure, the seemingly benign difference between voluntary departure and removal matters greatly.

> We agreed to take up the case because… While the Tenth Circuit has construed the statute to afford an individual no more than 60 calendar days to leave the country voluntarily, the Ninth Circuit has read it to extend a deadline falling on a weekend or legal holiday to the next business day… **Who is right on this question of statutory interpretation matters greatly to people like Mr. Monsalvo**.
>
> *Monsalvo Velazquez v. Bondi*, No. 23-929, 2025 WL 1160894 (U.S. Apr. 22, 2025) (emphasis added).

## COUNT I
### Violation of Due Process (U.S. Const. Amend. V)

39. Plaintiff has a valid constitutional interest in her immigration proceedings and record, as well as her finances.

40. Defendants' action to sanction and "remove" Plaintiff, constitutes a deprivation of Plaintiff's liberties.

41. Such deprivations are without due process of law, because they are in violation of a valid BIA order of voluntary removal.

42. Plaintiff will suffer severe consequences if Defendants are not prevented from so violating Plaintiff's rights, such as being separated from her family for 10 years.

## COUNT II
## Violation of the Administrative Procedure Act (5 U.S.C. § 706)

43. By considering Plaintiff's departure as a "removal" instead of a "voluntary departure," Defendants are violating their own procedures and exceeding their statutory authority.

44. Defendants' conduct is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedures Act ("APA").

45. Plaintiff will suffer severe consequences if Defendants are not prevented from so violating Plaintiff's rights, such as being separated from her family for 10 years.

## COUNT III
## *Habeas* Relief

46. Defendants' forcing Plaintiff to imminently depart the United States places Plaintiff in technical federal custody.

47. Defendants' custody of Plaintiff contradicts the final order of the BIA, exceeds its lawful authority under the INA, and therefore violates the Fifth Amendment due process clause.

48. Habeas relief is necessary, so that this Court may assume jurisdiction over Plaintiff's proceedings and prevent the constitutional deprivations and severe familial injuries to Plaintiff.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

## COUNT IV
### *Mandamus* Relief

49. The BIA's final order in Plaintiff's immigration proceedings clearly bestow upon Plaintiff the right to voluntarily depart the United States prior to the expiration of any extension granted her by Defendant DHS.

50. The Defendants have a clear duty to record Plaintiff as having complied with her voluntary departure order, as opposed to recording her as having been "removed."

51. Plaintiff will suffer severe consequences if Defendants are not prevented from so violating Plaintiff's rights, such as being separated from her family for 10 years.

52. There is no other adequate remedy at law for Plaintiff to avoid the severe injury described above, other than an order from this Court mandating that Defendants fulfil their duties to record Plaintiff's departure as a voluntary departure.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P.: (313) 983-4600 | F: (313) 983-4665

# COUNT V
# Injunctive Relief

53. Plaintiff is requesting that this Court enjoin Defendants from "removing" Plaintiff from the United States, in any sense, or taking her into custody, while this matter is pending.[1]

54. Plaintiff has a high likelihood of success on the merits of her claim, because Plaintiff's BIA order is clear that she is entitled to voluntary removal before the end of any extension granted to her by Defendants, who granted her an extension until September of 2025.

55. Should Defendants not be enjoined, Plaintiff will suffer the irreparable injury of being "removed" from the United States and separated from living with her sick husband and son for ten years.

56. The government, in contrast, risks no harm, as Plaintiff will depart either way in a short time, at her own expense.

57. Public interest favors agencies upholding the law and applying their own standards.

---

[1] Plaintiff notes that if this matter requires a hearing, she would need to be present. Plaintiff also notes, that this matter could, hypothetically, be over very quickly.

## COUNT VI
### Declaratory Relief

58. Finally, Plaintiff requests a declaration from this Court that Defendants conduct, in "removing" Plaintiff prior to the laps of her time to voluntarily depart, violates the APA and the US Constitution.

59. There is an actual case in controversy and a declaration from this Court as to Plaintiff's rights are necessary to guide Defendants' conduct.

### RELIEF REQUESTED[2]

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Declare Defendants "removal" of Plaintiff unlawful as Plaintiff was and is still within the voluntary departure period granted by the BIA and extended by Defendants until at least September 12, 2025;

b) Enjoin Defendants from removing Plaintiff while this action is pending;

c) Issue a writ of *mandamus* to Defendants requiring them to record Plaintiff's actual voluntary departure as, legally, a "voluntary departure;"

d) Issue a writ of *habeas corpus* preventing Defendants from detaining Plaintiff;

e) Award attorney's fees and costs, if applicable; and

f) Grant all other relief that this Court deems just and equitable.

---

[2] Plaintiff has concurrently filed with this complaint/petition and accompanying brief, a Form I-246: Application for Stay of Deportation or Removal, with ICE. See **Exhibit J, July 3, 2025 Application for Stay of Deportation or Removal**.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | AYAD LAW, PLLC |
|  | <u>/s/Nabih H. Ayad</u> (P59518)<br>645 Griswold St., Ste. 2202<br>Detroit, MI 48226<br>P: 313.983.4600 | F: 313.983.4665 |
| Dated: July 3, 2025 | filing@ayadlawpllc.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I filed the foregoing paper and any attachments with the Clerk of Courts via the CM/ECF Electronic filing System giving notice to all parties of record.

                                              Respectfully submitted,

                                              AYAD LAW, PLLC

                                              */s/Nabih H. Ayad* (P59518)
                                              645 Griswold St., Ste. 2202
                                              Detroit, MI 48226
                                              P: 313.983.4600 | F: 313.983.4665
Dated: July 3, 2025                     filing@ayadlawpllc.com