

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

PENA GARCIA, ROSA MARIA
14333 TRENTON RD
SOUTHGATE  MI  48195

DHS/ICE Office of Chief Counsel - DET
333 Mt. Elliott St., Rm. 204
Detroit MI 48207

Name: PENA GARCIA, ROSA MARIA

A 213-065-545

Date of this Notice:   3/27/2023

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Userteam: Docket

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

---

MATTER OF:

Rosa Maria PENA GARCIA, A213-065-545

Respondent

**FILED**
Mar 27, 2023

---

ON BEHALF OF RESPONDENT: Brad Thomson, Esquire

ON BEHALF OF DHS: Batol N. Makki, Assistant Chief Counsel

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Detroit, MI

Before: Noferi, Temporary Appellate Immigration Judge[1]

NOFERI, Temporary Appellate Immigration Judge

The respondent, a native and citizen of Mexico, appeals the Immigration Judge's June 3, 2019, decision denying her application for cancellation of removal and adjustment of status for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1). The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be dismissed.[2]

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under the de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

The Immigration Judge denied the respondent's application for cancellation of removal because the respondent did not establish that her qualifying relative, her United States citizen son, would suffer exceptional and extremely unusual hardship upon her removal (IJ at 4-9; Exh. 3 at 9). INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). The respondent challenges this determination on appeal (Respondent's Br. at 5-11). We will affirm the Immigration Judge's determination.

---

[1] Temporary Appellate Immigration Judges sit pursuant to appointment by the Attorney General. *See generally* 8 C.F.R. § 1003.1(a)(1), (4).

[2] The Immigration Judge granted the respondent post-conclusion voluntary departure (IJ at 9). The respondent has submitted proof to us of payment of bond. Accordingly, we will reinstate the grant of voluntary departure.

A213-065-545

At the time of the Immigration Judge's decision, the respondent's qualifying relative son was 14 years old (IJ at 9; Tr. at 144; Exh. 3 at 9). He lives with the respondent and his father, who is also the respondent's husband (IJ at 6-8; Tr. at 39-40). He has experienced medical issues with his stomach that led to vomiting (IJ at 7; Tr. at 48, 55-59, 88, 162-77, 180; Exh. 3 at 135-204). He performs well in school (IJ at 6; Tr. at 43-44, 146-49; Exh. 6 at 465-66). The respondent is not sure if her son would return with him to Mexico upon her removal (IJ at 6; Tr. at 83-84).

We agree with the Immigration Judge that the respondent did not establish her son would experience exceptional and extremely unusual hardship upon her removal to Mexico regardless of whether he would accompany her (IJ at 6-9). INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). Like the Immigration Judge, we acknowledge the respondent's son would experience educational hardship if he went to Mexico with the respondent, primarily due to his limited command of the Spanish language (IJ at 6-7; Tr. at 66-67, 109, 145-46; Respondent's Br. at 7-8). However, we discern no clear error in the Immigration Judge's factual findings that he might be able to attend a private high school in Mexico and that he would quickly adjust and pick up the language because he is intelligent and earns high grades at school, has experience learning another language, and speaks Spanish at home (IJ at 6-7; Tr. at 43-44, 109, 145-56, 218; Exh. 6 at 465-66).[3] If the respondent's son remained in the United States without his mother, he would experience some hardship as a result of their separation (IJ at 8; Tr. at 90, 107-08, 156-59, 174-75; Respondent's Br. at 8-10). However, the Immigration Judge found that the respondent's husband would be able to support the son and that her sister in the United States would likely help in emergencies (IJ at 7-8; Tr. at 156, 167, 170-75, 188). We discern no clear error with these findings and agree that these facts diminish the hardship associated with separation (IJ at 8).

We also acknowledge that the respondent's son has experienced medical issues with his stomach, but we discern no clear error in the Immigration Judge's finding that he is generally able to manage his symptoms by managing his diet (IJ at 7; Tr. at 55-59, 88, 162-67, 180; Exh. 3 at 135-204; Respondent's Br. at 8-9). There is also no clear error in the Immigration Judge's findings that the respondent could continue monitoring her son's diet if he accompanied her to Mexico and that her son could continue receiving the same medical care if he remained with his father in the United States (IJ at 7-8; Tr. at 55-59, 88, 162-67, 180; Exh. 3 at 135-204). Given these facts, we agree with the Immigration Judge that the respondent's removal would not impose a significant impact on her son's ability to treat those issues (IJ at 7). *See Matter of J-J-G-*, 27 I&N Dec. 808, 811 (BIA 2020) (explaining that when a claim is based on a qualifying relative's health, the respondent must "establish that the relative has a serious medical condition"). In addition, we acknowledge that the respondent's son may experience some financial hardship regardless of whether he went to Mexico (Tr. at 65, 218; Respondent's Br. at 9-10). However, such "economic detriment" is "an unfortunate consequence of removal in many cases." *Id.* at 814.

---

[3] On appeal, the respondent argues the Immigration Judge erred by considering the respondent's son's limited knowledge of French (IJ at 6; Respondent's Br. at 7-8). His experience learning languages is relevant to the issue of educational hardship, and we discern no clear error in the Immigration Judge's consideration of it as a factor along with other factors (IJ at 6; Tr. at 145).

2

A213-065-545

While the respondent's removal would be difficult for her son, in the aggregate, the hardship he will face is not "substantially different from, or beyond, that which would normally be expected" upon the removal of someone whose close family members reside in the United States (Respondent's Br. at 6). *Matter of Monreal*, 23 I&N Dec. 56, 65 (BIA 2001); *Matter of J-J-G-*, 27 I&N Dec. at 811 ("The exceptional and extremely unusual hardship for cancellation of removal is based on a cumulative consideration of all hardship factors."). Thus, it is not "exceptional and extremely unusual." Therefore, we affirm the Immigration Judge's denial of the respondent's application for cancellation of removal. We will reinstate the grant of voluntary departure.

Accordingly, the following orders are entered.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by DHS. *See* INA § 240B(b), 8 U.S.C. § 1229c(b); *see also* 8 C.F.R. § 1240.26(c), (f). In the event a respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

NOTICE: If a respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute, and shall be ineligible for a period of 10 years for any further relief under sections 240B, 240A, 245, 248, and 249 of the INA, 8 U.S.C. §§ 1229b, 1255, 1258, 1259.

WARNING: If a respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the INA, 8 U.S.C. § 1229c(d), shall not apply. *See* 8 C.F.R. § 1240.26(e)(1).

WARNING: If, prior to departing the United States, a respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the INA, 8 U.S.C. § 1252, the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if the respondent provides to DHS such evidence of his or her departure that the Immigration and Customs Enforcement Field Office Director of DHS may require and provides evidence DHS deems sufficient that he or she has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the INA, 8 U.S.C. § 1229c(d), shall not apply to a respondent who files a petition for review,

A213-065-545

notwithstanding any period of time that he or she remains in the United States while the petition for review is pending. *See* 8 C.F.R. § 1240.26(i).

4

A213-065-545