United States District Court
Eastern District of Michigan

Rosa Maria Pena Garcia,

    Plaintiff,

v.

U.S. Department of Homeland
Security, et al.

    Defendants.

Civil No. 25-12023

Honorable Susan K. DeClercq
Magistrate Judge Elizabeth A. Stafford

## Defendants' Reply Brief in Support of Their Motion to Dismiss

### Issue Presented

Should the Court dismiss this action for lack of subject matter jurisdiction when it is moot because this suit sought to prevent plaintiff's removal and plaintiff has already departed the United States and the Court lacks jurisdiction over plaintiff's remaining claims?

## Table of Contents

Introduction ...................................................................................................................1

    I.    Plaintiff's Challenge to Her Removal is Moot ................................................1

    II.    The Court Lacks Jurisdiction Over Plaintiff's Remaining Claim .................1

Conclusion ...................................................................................................................3

Certificate of Service ...................................................................................................5

# Introduction

This case no longer presents an actionable case or controversy. In this suit, plaintiff sought to prevent her removal to Mexico and to reclassify her removal as a voluntary departure. However, plaintiff has already been removed to Mexico, and plaintiff cannot establish this Court's jurisdiction to hear her demand that the agency reclassify her removal as a voluntary departure. Accordingly, defendants respectfully request that the Court dismiss this case for lack of subject matter jurisdiction.

## I. Plaintiff's Challenge to Her Removal is Moot

A case is moot and lacks subject matter jurisdiction when the Court can no longer grant the relief requested by the plaintiff. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009).

In defendants' motion to dismiss, they argued that plaintiff's challenge to her removal was moot because she had already been removed to Mexico. (*See* MTD, ECF No. 11). In plaintiff's response, she does not dispute that she has been removed or that her claim challenging her removal is moot. (*See* Resp., ECF No. 12).

## II. The Court Lacks Jurisdiction Over Plaintiff's Remaining Claim

Congress has precluded judicial review of certain immigration decisions. *See* 8 U.S.C. § 1252(a); *see e.g.*, *Rahman v. Bondi*, 131 F.4th 399, 402 (6th Cir. 2025). This jurisdiction stripping provision precludes federal district courts from hearing

1

challenges to removals and provides exclusive jurisdiction for such claims to the U.S. Courts of Appeals. 8 U.S.C. § 1252(a)(5), (g). Plaintiff's challenge to the characterization of her removal falls within this statute, therefore, only the Sixth Circuit has jurisdiction to hear her claim.

Even if the Court characterized her argument as somehow unrelated to her removal, other provisions of § 1252 would still strip this Court of jurisdiction to hear her claim. Under § 1252(a)(2)(B), Congress precluded judicial review of discretionary decisions to grant or deny a voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B) (precluding jurisdiction over denials of requests for relief under 8 U.S.C. § 1229c, the statute governing voluntary departures); *see also Hatchet v. Andrade*, 106 F.4th 574, 578–79 (6th Cir. 2024). Accordingly, because plaintiff seeks to compel the agency to retroactively grant her a voluntary departure, plaintiff cannot establish this Court's jurisdiction to review her challenge, even if this were not a challenge "arising from" her removal. *See* 8 U.S.C. § 1252(a)(2)(B), (g).

Further, none of the specific causes of action that plaintiff relies on in her response would grant this Court jurisdiction to hear her challenge. Plaintiff argues that the Mandamus Act, the Habeas Act, and the Court's "general jurisdiction" under 28 U.S.C. § 1331 grant it jurisdiction to hear her challenge to the label applied to her removal. (*See* Resp., ECF No. 12). However, the Mandamus Act does not grant the Court jurisdiction because the defendants do not have a non-discretionary duty to

2

consider her removal a voluntary departure and plaintiff had alternative remedies to challenge the expiration of her period for voluntary departure and her removal. (*See* Order, ECF No. 6, PageID.159–61); *see also Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011); *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987); 8 U.S.C. § 1229c(a); 8 C.F.R. § 1240.26. The Habeas Act does not provide the Court jurisdiction because the relief plaintiff seeks is beyond the scope of the Habeas Act. *See* 28 U.S.C. § 2241; *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) ("Claims so far outside the 'core' of habeas may not be pursued through habeas."). And the Federal Question Statute does not grant the Court jurisdiction to hear claims against a federal agency unless another statute specifically waives the government's sovereign immunity for such a claim. *See Reed v. Reno*, 146 F.3d 392, 397–98 (6th Cir. 1998) ("Section 1331's general grant of federal question jurisdiction, however, does not by its own terms waive sovereign immunity and vest in district courts plenary jurisdiction over claims" against the government) (quotation omitted).

## Conclusion

    Defendants respectfully request that the Court dismiss this case because it is moot.

Respectfully submitted,

Jerome F. Gorgon, Jr.

3

                                        United States Attorney

                                        *s/Zak Toomey*  
                                        Zak Toomey (MO61618)  
                                        Assistant U.S. Attorney  
                                        211 W. Fort St., Ste. 2001  
                                        Detroit, MI  48226  
                                        (313) 226-9617  
                                        Zak.Toomey@usdoj.gov

Date:  November 21, 2025

## Certificate of Service

I hereby certify that on November 21, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

<u>*/s/ Zak Toomey*</u>
**Zak Toomey**
Assistant U.S. Attorney